IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Katrina Corbin, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. |
| | ) |
| The Farrell Law Group, LLC, a Missouri limited liability company, | ) **1:10-cv-1674 JMS MJD**<br>) |
| Defendant. | ) Jury Demanded |

## COMPLAINT -- CLASS ACTION

Plaintiff, Katrina Corbin, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection letter violates the FDCPA, and to recover damages for this violation, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Katrina Corbin ("Corbin"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom the Defendant attempted to collect a delinquent consumer debt allegedly owed to LoanPoint/USA.

1

4. Defendant, The Farrell Law Group, LLC ("Farrell"), is a Missouri limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Farrell was acting as a debt collector as to the debt it attempted to collect from Ms. Corbin.

## FACTUAL ALLEGATIONS

5. Defendant Farrell sent Ms. Corbin an initial form collection letter, dated November 23, 2010, demanding payment of a delinquent consumer debt owed to LoanPoint/USA. The letter stated, in pertinent part:

* * *

> Our law firm has been retained by LoanPointUSA to resolve the following delinquent account matter.

* * *

> Please return your payment in the amount of $960.00 immediately.

* * *

A copy of this letter is attached as Exhibit A.

6. All of Defendant Farrell's collection actions at issue in this matter occurred within one year of the date of this Complaint.

7. Defendant Farrell's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

2

## COUNT I
### Violation Of § 1692g –
### Overshadowing And/Or Ineffectively Conveying
### The 30-Day Validation Notice

8. Plaintiff adopts and realleges ¶¶ 1-7.

9. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it. Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

10. Here, although Defendant Farrell's initial collection letter (Exhibit A) contains the notice required by § 1692g of the FDCPA, that notice was not effectively conveyed, or was rendered ineffective by other language in that letter. Specifically, Defendant's demand for payment "immediately", would confuse anyone, let alone the unsophisticated consumer, as to what their validation rights were, by creating false sense of urgency. Defendant Farrell's form collection letter thus violates § 1692g of the FDCPA. See, Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR Recovery Corporation, 118 F.3d 516, 519 (7th Cir. 1997); see also, § 1692g(b).

11. Defendant Farrell's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation of § 1692e(3) of the FDCPA --
### False Representation of Attorney Involvement

12.Plaintiff adopts and realleges ¶¶ 1-7.

13.Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. More specifically, § 1692e(3) of the FDCPA prohibits the false representation or implication that any individual is an attorney or any communication is from an attorney.

14.An attorney sending dunning letters must be directly and personally involved in the mailing of such letters. (See, Avila, 84 F.3d at 228-229; Boyd v. Wexler, 275 F.3d 642 (7th Cir. 2001); Nielsen v. Dickerson, 307 F.3d 623, 635 (7th Cir. 2002)). Defendant's letter is a mass-produced, form dunning letter. No attorney was personally involved in the decision to send the letter that was sent to Plaintiff. Thus, the collection letter creates the false and misleading impression that it was communication from an attorney, in violation of § 1692e(3) of the FDCPA. See, Avila, 84 F.3d at 228-229; Boyd v. Wexler, 275 F.3d 642; Nielsen v. Dickerson, 307 F.3d at 635.

15.Defendant's violation of § 1692e(3) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### CLASS ALLEGATIONS

16.Plaintiff, Katrina Corbin, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to LoanPoint/USA, via the same form collection letter (Exhibit A), that Defendant sent to

Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

17. Defendant Farrell regularly engages in debt collection, using the same form collection letter it sent Plaintiff Corbin, in its attempts to collect delinquent consumer debts from other persons.

18. The Class consists of more than 35 persons from whom Defendant Farrell attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Corbin.

19. Plaintiff Corbin's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

20. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

21. Plaintiff Corbin will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not

extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Corbin has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Katrina Corbin, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Corbin as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendant's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Corbin and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Katrina Corbin, individually and on behalf of all others similarly situated, demands trial by jury.

Katrina Corbin, individually and on behalf of all others similarly situated,

By: _____
One of Plaintiff's Attorneys

Dated: December 20, 2010

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert (Ind. Bar No. 14254-02)
598 W. Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com